JAMES A. KOPCKE (SBN 88567)
GOLDEN · KOPCKE, LLP
22 Battery Street, Suite 610
San Francisco, CA 94111
Tel:(415) 399-9995; Fax:(415) 398-5890

RICHARD J. ARCHER, ESQ (SBN 20720)
ARCHER & HANSON
3110 Bohemian Highway
Occidental, CA 95465
Tel:(707) 874-3438; Fax:(707) 874-3438

Attorneys for Plaintiffs REYN'S PASTA BELLA, LLC, JEFFREY LEDON
DEWEESE, M.D., BARRY LEONARD, dba CRITTER FRITTERS, HAT-IN-THE-
RING, INC. dba EDDIE RICKENBACKER'S, on Behalf of Themselves and
All Others Similarly Situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| REYN'S PASTA BELLA, LLC, JEFFREY LEDON DEWEESE, M.D., BARRY LEONARD, dba CRITTER FRITTERS, HAT-IN-THE-RING, INC. dba EDDIE RICKENBACKER'S, on Behalf of Themselves and All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>VISA U.S.A. INC., MASTERCARD INTERNATIONAL, INC., BANK OF AMERICA, N.A., a subsidiary of BANK OF AMERICA CORPORATION, WELLS FARGO BANK, N.A., a subsidiary of WELLS FARGO & COMPANY, U.S. BANK, N.A, a subsidiary of U.S. BANCORP,<br><br>        Defendants. | Case No. C 02-03003 JSW<br><br>**SECOND AMENDED CLASS ACTION ANTITRUST COMPLAINT AND JURY DEMAND**<br><br><br>**CLASS ACTION** |

-1-

Plaintiffs REYN'S PASTA BELLA, LLC, JEFFREY LEDON DEWEESE, M.D., BARRY LEONARD, dba CRITTER FRITTERS, and HAT-IN-THE-RING, INC. dba EDDIE RICKENBACKER'S aver for their complaint against VISA U.S.A. INC. ("VISA") and MASTERCARD INTERNATIONAL, INC. ("MASTERCARD"), BANK OF AMERICA, N.A., a subsidiary of BANK OF AMERICA CORPORATION, WELLS FARGO BANK, N.A., a subsidiary of WELLS FARGO & COMPANY, U.S. BANK, N.A, a subsidiary of U.S. BANCORP, upon knowledge with respect to their own acts and upon information and belief with respect to all other matters, as follows:

JURISDICTION

1.   Jurisdiction and venue of this action is under 15 U.S.C. §§ 15(a) and 26.

2.   Defendants or their agents inhabit or are found or reside in the Northern District of California.

3.   VISA and MASTERCARD are each joint ventures of Defendant banks and all other bank members of VISA and MASTERCARD.  VISA and MASTERCARD are engaged in interstate commerce and are doing business and are present in the Northern District of California.  Venue of this action against VISA and MASTERCARD, and Defendant banks and all other bank members of VISA and MASTERCARD, is proper in this court.

INTRADISTRICT ASSIGNMENT

4.   The basis for assignment to the San Francisco Division is that a substantial part of the events which give rise to the

-2-

claims of the named Plaintiffs occurred in San Francisco and Sonoma Counties.

PARTIES

5.  Plaintiffs REYN'S PASTA BELLA, LLC, JEFFREY LEDON DEWEESE, M.D., BARRY LEONARD, dba CRITTER FRITTERS, and HAT-IN-THE-RING, INC. dba EDDIE RICKENBACKER'S are proprietorships, corporations or limited liability companies and retailers, authorized to do business in California, who presently have VISA and MASTERCARD contracts with one or more Defendant banks, or their co-conspirators, and have "sold" (deposited) VISA and MASTERCARD charge and debit receipts, or electronic equivalents, to one or more Defendant banks for deposit in their commercial demand deposit bank accounts.

6.  VISA and MASTERCARD are national bank card associations whose members include Defendant banks, other bank members, regional banking associations, and other financial institutions.

7.  Defendant WELLS FARGO BANK N.A., a subsidiary of WELLS FARGO & COMPANY ("WELLS FARGO") is a nationally chartered bank with offices in the Northern District of California.  It engages in interstate commerce.  It participates in the management of and has a proprietary interest in VISA and MASTERCARD.  It is an "acquiring bank" in that throughout California it acquires from one or more of the Plaintiffs and other retailers VISA and MASTERCARD charge and debit receipts, or electronic equivalents, for deposit in their commercial demand deposit bank account at

the face amount less a fee.  Normally WELLS FARGO and other member banks of VISA and MASTERCARD do not charge a fee when they buy (accept) checks from their retail customers for deposit in the bank customer's commercial account.

8.  Defendant BANK OF AMERICA, N.A., a subsidiary of BANK OF AMERICA CORPORATION ("BANK OF AMERICA") is a nationally chartered bank with offices in the Northern District of California.  It engages in interstate commerce.  It participates in the management of and has a proprietary interest in VISA and MASTERCARD.  It is an "acquiring bank" in that throughout California it acquires from one or more of the Plaintiffs or other retailers VISA and MASTERCARD charge and debit receipts, or electronic equivalents, for deposit in their commercial demand deposit bank account at the face amount less a fee. Normally BANK OF AMERICA and other member banks of VISA and MASTERCARD do not charge a fee when they buy (accept) checks from their retail customers for deposit in the bank customer's commercial account.

9.  Defendant U.S. BANK, N.A, a subsidiary of U.S. BANCORP ("US BANK") is a nationally chartered bank doing business in the Northern District of California.  It engages in interstate commerce.  It participates in the management of and has a proprietary interest in VISA and MASTERCARD.  It is an "acquiring bank" in that throughout California it acquires from one or more of the Plaintiffs and other retailers VISA and

MASTERCARD charge and debit receipts, or electronic equivalents, for deposit in their commercial demand deposit bank account at the face amount less a fee.  Normally US BANK and other member banks of VISA and MASTERCARD do not charge a fee when they buy (accept) checks from their retail customers for deposit in the bank customer's commercial account.

CO-CONSPIRATORS

10.  Defendants' co-conspirators are all banks doing business in the United States of America, engage in interstate commerce, and have a management and proprietary interest in VISA and/or MASTERCARD.  Each is an "acquiring bank" in that it acquires from one or more of the Plaintiffs or other retailers VISA and/or MASTERCARD charge and debit receipts, or electronic equivalents, for deposit in their commercial demand deposit bank account at the face amount less a fee.  Normally each co-conspirator and other member bank of VISA and/or MASTERCARD do not charge a fee when they buy (accept) checks from their retail customers for deposit in the bank customer's commercial account.

CLASS

11.  Plaintiffs represent the class of all persons and business entities in the United States of America who are retailers, businesses, professions and merchants, including those "on-line", and presently have VISA and/or MASTERCARD merchant contracts with one or more member banks of Defendants VISA and/or MASTERCARD pursuant to which they have "sold"

-5-

(deposited) VISA and MASTERCARD charge or debit receipts, or electronic equivalents, to one or more member banks for deposit in their commercial demand deposit bank account and have thereby incurred deposit fees.  Plaintiffs do not contest in this action, as averred in other litigation, any tying arrangement, of the VISA and MASTERCARD debit charges with other charges. The class does not include the named Defendants, their directors, officers, or members of their families.

12.  These merchant deposit fees have harmed and continue to harm the interests of retailers, businesses, professions and merchants, including those "on-line", throughout the United States of America.  The members of the class are so numerous that joinder of all members is impracticable.

13.  Defendants' relationships with the class members and Defendants' practice of assessing deposit fees with respect to class members have been substantially uniform.  Questions of law and fact will predominately be common to the class.

14.  The named Plaintiffs have no conflicts of interest with class members and have retained counsel competent and experienced in federal and state antitrust litigation.  The named Plaintiffs and their counsel will fairly and adequately represent the interests of the class.

15.  Defendants have acted, continue to act, refused to act and continue to refuse to act on grounds generally applicable to

the class, thereby making appropriate damages and injunctive relief with respect to the class as a whole.

16.   This action is superior to any other method for the fair and efficient adjudication of this legal dispute, as joinder of all members is not only impracticable, but impossible.   The damages suffered by certain members of the class are small in relation to the expense and burden of individual litigation and therefore it is highly impractical for such class members, individually, to attempt redress of the wrongful deposit fees and to enjoin price fixing.   There will be no extraordinary difficulty in the management of this class action.   Common questions of law and fact exist with respect to all class members and predominate over any questions solely affecting individual members.   Among the questions of law and fact common to the class, many of which cannot be seriously disputed, are the following:

(a) whether the interchange fee fixed by VISA and MASTERCARD is a sharing of revenue by competitors, a compensation vehicle among competitors, and is not established by free competition.

(b) whether the interchange fee provides the floor or establishes a range for the deposit fee levied against the Plaintiffs.

SECOND AMENDED CLASS ACTION ANTITRUST COMPLAINT AND JURY DEMAND Case No. C 02-03003 JSW

(c) whether the interchange fee, and the consequent merchant deposit fee, is set by VISA and MASTERCARD at a supracompetitive level.

RELEVANT MARKET

17.   The relevant product market is acquisition of charge receipts from general purpose credit and debit cards, or electronic equivalents, for deposit in commercial bank accounts.

18.   The relevant geographic market is the United States of America.

**FIRST CLAIM FOR RELIEF**
**DAMAGES FOR VIOLATIONS OF SECTION ONE**
**OF THE SHERMAN ACT AGAINST**
**VISA, MASTERCARD, BANK OF AMERICA, WELLS FARGO, US BANK**

19.   Plaintiffs reaver each and every averment in paragraphs 1 through 18 as if fully set forth herein.

20.   VISA and MASTERCARD each is a combination of banks which are in competition with each other, directly or indirectly, which as such combination:

(a)   Sets an "interchange fee" to be paid by an acquiring
      bank to the institution which issued the VISA or
      MASTERCARD card.  The deposit fee is based largely on
      the interchange fee.  The interchange fee is a sharing
      of revenue and a compensation vehicle among
      competitors.  The interchange fee is not established
      by free competition, nor would it necessarily be
      absorbed by the merchant in a competitive system, e.g.
      checks.  Independent organizations can, and do,

–8–

process VISA and MASTERCARD charges and debits with the issuing bank for less than the interchange fee.

(b)   In addition to providing authorization and clearing house (settlement) services to member banks and their agents, VISA and MASTERCARD each provides joint marketing services which services could be adequately performed by member banks and agent banks alone and in competition with each other.

21.   Plaintiffs, and all others similarly situated, must pay a deposit fee upon the deposit of VISA and MASTERCARD charges and debits, whereas the deposit of checks, which entails more processing, is without a fee to the depositor.  Increases by VISA and MASTERCARD of the interchange fees have resulted in increases in deposit fees.

22.   Plaintiffs, and all others similarly situated, have a dilemma where each must individually choose to accept VISA and MASTERCARD in order to attract business; however all are worse off as a result due to the expense of the deposit fee.

23.   VISA and MASTERCARD and Defendant banks and all other member banks of VISA and MASTERCARD obtain unreasonable and unwarranted profits by the assessment of deposit fees on the deposits of Plaintiffs, and all others similarly situated.

24.   Member banks were prohibited from issuing the Discover Card, which charges merchants about 30% less than VISA and MASTERCARD.

25.  On August 28, 2002, VISA announced that it would not permit new "Private Arrangements" by which member banks, but not merchants, could opt out of the VISA interchange system. Neither before nor after this event could Plaintiffs avoid the fixed deposit fee.

26.  All Plaintiffs and all others similarly situated have been damaged by the payment of deposit fees, in as yet an undetermined total amount, which total amount should be trebled. Plaintiffs do not contest in this action, as averred in other litigation, any tying arrangement, of the VISA and MASTERCARD debit charges with other charges.

**SECOND CLAIM FOR RELIEF**
**15 U.S.C. §26, SECTION 16 OF THE CLAYTON ACT AGAINST**
**VISA, MASTERCARD, BANK OF AMERICA, WELLS FARGO AND US BANK**

27.  Plaintiffs reaver all the preceding paragraphs as if set forth in this claim.

28.  This claim is brought under Section 16 of the Clayton Act, 15 U.S.C. § 26.

29.  Plaintiffs and all those similarly situated seek against VISA, MASTERCARD, Defendant banks, member banks, and their co-conspirators that this Court order:

(a)  Defendants to cease and desist from setting the interchange fee and consequent merchant deposit fee at supracompetitive levels.

(b)  The elimination from VISA and MASTERCARD of all joint marketing activities.

-10-

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully demand:

1.   That the Court declare, adjudge and decree that
     Defendants have committed the violations of federal
     law alleged herein.

2.   That the Court enter an order pursuant to Rule 23 of
     the Federal Rules of Civil Procedure permitting this
     action to be maintained as a class action on behalf of
     the class specified herein.

3.   That the court award damages sustained by the
     Plaintiffs, and members of the class, on the First
     Claim for Relief, in an amount to be proved at trial,
     to be trebled according to law, plus interest,
     including prejudgment interest, reasonable attorney's
     fees and costs of suit, and such other and further
     relief as this Court may deem just and proper.

4.   That the Court order:

(a) That Defendants cease and desist from setting the
     interchange fee, and the consequent merchant discount,
     at supracompetitive levels.

(b) The elimination from VISA and MASTERCARD of all joint
     marketing activities.

(c) That Plaintiffs be awarded their costs of suit
     including reasonable attorney's fees.

1    Plaintiffs hereby demand trial by jury of all issues

2 properly triable thereby.

3    Dated:  May 16, 2003

4                                    Attorneys of record for
                                     Plaintiffs REYN'S PASTA BELLA,
5                                    LLC, JEFFREY LEDON DEWEESE,
                                     M.D., BARRY LEONARD, dba
6                                    CRITTER FRITTERS, HAT-IN-THE-
                                     RING, INC. dba EDDIE
7                                    RICKENBACKER'S, on Behalf of
                                     Themselves and All Others
8                                    Similarly Situated

9

10

11                          By:_____
                                 RICHARD J. ARCHER, ESQ.
12                                 ARCHER & HANSON

13

14

15

16                          By:_____
                                 JAMES A. KOPCKE
17                               GOLDEN · KOPCKE, LLP

18

19

20

21

22

23

24

25

26

27

28